```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------X
                              :
UNITED STATES OF AMERICA      :
                              :
v.                            :        Crim. No. 3:12CR17(AWT)
                              :
DAVID CARI and                :
DENNIS SPAULDING              :
                              :
------------------------------X
```

### ORDER RE GOVERNMENT'S MOTION IN
### LIMINE TO EXCLUDE CERTAIN DEFENSE EVIDENCE

For the reasons set forth below, the Government's Motion in Limine to Exclude Certain Defense Evidence (Doc. No. 269) is hereby GRANTED in part and DENIED without prejudice in part.

**Reference to the Defendants' Good Conduct Including Any Awards, Commendations or Specific Acts of Bravery**

The government moves to prohibit the introduction of improper character evidence including "inadmissible reference to the defendants' good conduct including any awards, commendations or specific acts of bravery." Gov't Mem. (Doc. No. 270) at 1.

Evidence of specific instances of good conduct by a defendant, or of awards, commendations or other recognition received, is inadmissible under Federal Rule of Evidence 404(a)(1) unless the exception in 404(a)(2) applies -- and, of course, there is no other reason the evidence is not admissible, e.g. Rules 403 and 802. Under Rule 404(a)(2) a defendant may

1

offer evidence of the defendant's "pertinent trait." In doing so the defendant must abide by the limitations in Rule 405.

Defendant Cari argues that evidence of his awards, commendations and acts of bravery are not being offered as character evidence. Rather, he argues, such evidence is "admissible to prove the totality of the circumstances for probable cause to arrest the activist priest." Def. Mem. (Doc. No. 293) at 2. The defendant relies on United States v. Delossantos, 536 F.3d 155 (2d Cir. 2008). He correctly quotes Delossantos for the proposition that "we must evaluate the facts in light of the training and experience of the arresting agents." Id. at 161. The defendant contends that his "awards, recognition and acts of bravery represent[] experience falling within the totality of the circumstances test." Def. Mem. (Doc. No. 293) at 6.

However it is clear that in Delossantos the evaluation of the totality of the circumstances was made after hearing the arresting officers testify about what they understood the situation to be in light of their training and experience. First, the court noted that individual facts are not to be considered in isolation but rather the totality of the circumstances must be examined and stated that "[i]n United States v. Arvizu, 534 U.S. 266 (2002), a border patrol agent who stopped defendant's vehicle testified about a number of small

details that might have each been explained away but that collectively aroused his suspicions." Delossantos, 536 F.3d at 161. Then, addressing the facts presented in Delossantos the court stated:

> In this case, the agents testified that, in their experience, a drug dealer rarely brings along an uninvolved bystander during drug deals or speaks about the details of transactions in the presence of a bystander, even in code. The agents also testified that a dealer who is uneasy about a transaction will often bring an associate for assistance and protection. We are bound to give these observations, which are supported by the agents' training and experience, their due weight.

Id. Thus the court agrees with the government that Delossantos does not support the defendant's position because, in Delossantos, the government did not "introduce awards received by the arresting officers to demonstrate what was in the officers' minds when they arrested Rodriguez. The only witnesses who offered testimony in the Delossantos case about the totality of the circumstances and what the officers were thinking when they arrested Rodriguez were the very officers who arrested Rodriguez." Gov't Reply Mem. (Doc. No. 309) at 3.]

**Reference to the Victims' "Bad Conduct"**

The government moves to preclude introduction of improper impeachment evidence, including inadmissible evidence of the victims' bad conduct.

As to character evidence the government summarizes the provisions of Rules 608(a), 608(b) and 405(a) and appears to be simply giving notice that it will ask the court to enforce those rules.

With respect to prior arrests, bad acts and convictions, the government requests first that "[b]efore mentioning a witness's alleged prior bad act, whether in opening statements or during the examination of any witness, the defendants should be required to explain to the Court how the evidence meets the requirements of Rule 404(b)," and second that "the defendants should be precluded from mentioning any impeachable convictions of a witness during their opening statements." Gov't Mem. (Doc. No. 270) at 12-13. Defendant Cari does not respond to this part of the government's motion. Therefore it is being granted absent objection.

In addition, the court notes that it will be issuing an order on trial procedures that will address notification of intention to use Rule 404(b) evidence and intention to impeach by evidence of a criminal conviction.

**Reference to Civil Lawsuits Filed by Witnesses/Victims
Except During Cross-Examination to Show Bias**

The government moves to prohibit "any reference to civil lawsuits filed by witnesses/victims except during cross-examination of that witness to show bias." Gov't Mem. (Doc. No.

270) at 1. Specifically the government seeks "an order prohibiting: 1) any reference in the defendants' opening statements to any lawsuits filed; and 2) any reference to the lawsuit in the defendants' questioning of witnesses unless and until the victim who filed the lawsuit testifies. Id. at 15.

These requests are being denied. The court assumes that in the government's opening statement it will describe the testimony that victims are expected to give implicating the defendants. That being the case, the defendants should have the ability during their opening statements to tell the jury that there will be evidence as to the bias of those witnesses. In addition, as to limiting reference to a lawsuit to the defendants' questioning of the victim who filed that lawsuit, at this time the court is not sufficiently familiar with the evidence to reach a definitive conclusion, but it may be that the defendants can establish that a witness other than the victim who filed the lawsuit somehow has an interest in the success of the lawsuit. If such a foundation is laid, then that would support questioning such a witness about the lawsuit.

The court notes that the government also argues that the court should exclude any evidence related to the lawsuit that does not concern possible bias. The court is granting this part of the request for relief, subject to the proviso that evidence

as to the existence of any inconsistent statements on the part of the witness is not being precluded.

**Improper Arguments and Jury Nullification**

The government seeks an order prohibiting "any improper argument at trial aimed at jury nullification, including arguments that request a verdict of not guilty because defendant Cari is a 'hero cop.'" Gov't Mem. (Doc. No. 270) at 1. The request for an order is being denied.

The government has put the defendants and the court on notice that it has a concern with respect to jury nullification arguments. However, as is noted in the Modern Litigation and Professional Responsibility Handbook, "If the lawyer realizes—and almost all trial lawyers do—that jury nullification arguments are verboten, the lawyer is guilty of a violation of Model Rule 3.4(c)[1] [if the lawyer makes such an argument]." William H. Fortune et al., MODERN LITIGATION AND PROFESSIONAL RESPONSIBILITY HANDBOOK 474 (2d ed. 2001). Thus, the court does not believe that the requested order is appropriate under the current circumstances.

It is so ordered.

---

[1] Model Rule 3.4(c) is the equivalent of Rule 3.4(3) of the Connecticut Rules of Professional Conduct which states that a lawyer shall not "[k]nowingly disobey an obligation under the rules of a tribunal . . . ."

Dated at Hartford, Connecticut on this 20th day of September, 2013.

                                                        _____/s/_____
                                                           Alvin W. Thompson
                                            United States District Judge