UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------X
                              :
UNITED STATES OF AMERICA      :
                              :
v.                            :      Crim. No. 3:12CR17(AWT)
                              :
DAVID CARI and                :
DENNIS SPAULDING              :
                              :
------------------------------X

## GEANEY FINDING

At the end of the government's case, the government offered and the court admitted, pursuant to Fed. R. Evid. Rule 801(d)(2)(E), Government Exhibit 190 ("GX190") as to defendant David Cari. GX190 had previously been admitted as to defendant Dennis Spaulding, pursuant to Rule 801(d)(2)(A). GX190 is a statement made by Spaulding to Jason Zullo and another officer during a "car to car chat."

In order for evidence to be admissible under Rule 801(d)(2)(E), the court must find by a preponderance of the evidence "(1) that there was a conspiracy, (2) that its members included the declarant and the party against whom the statement is offered, and (3) that the statement was made both (a) during the course of and (b) in furtherance of the conspiracy." United States v. Diaz, 176 F.3d 52, 83 (2d Cir. 1999) (quoting United States v. Tracy, 12 F.3d 1186, 1196 (2d Cir. 1993)). See also United States v. James, 712 F.3d 79, 105 (2d Cir. 2013) ("To

1

admit an out-of-court declaration under this rule, the district court must find by a preponderance of the evidence (a) that there was a conspiracy, (b) that its members included the declarant and the party against whom the statement is offered, and (c) that the statement was made during the course of and in furtherance of the conspiracy." (internal quotation marks omitted)).

For the reasons set forth below, the court concluded that the government had proved by a preponderance of the evidence each element required to be proven in order for GX190 to be admissible as to David Cari pursuant to Rule 801(d)(2)(E).

**Existence of a Conspiracy; Members of the Conspiracy**

While the coconspirator statement itself may be considered in establishing the existence of the conspiracy, "[t]here must be evidence that there was a conspiracy involving the declarant and the nonoffering party . . . ." Bourjaily v. United States, 483 U.S. 171, 175 (1986); see also United States v. Desena, 260 F.3d 150, 158 (2d Cir. 2001) ("[T]here must be some independent corroborating evidence of the defendant's participation in the conspiracy." (internal citations omitted)); United States v. Provenzano, 615 F.2d 37, 44 (2d Cir. 1980) ("The threshold requirement of admissibility is satisfied by a showing of a likelihood of an illicit association between the declarant and the defendant." (internal citations omitted)). Once a conspiracy

2

is shown to exist, the evidence sufficient to link another defendant to it need not be overwhelming. See Provenzano, 615 F.2d at 45.

The government proved by a preponderance of the evidence the existence of the conspiracy to injure, oppress, threaten and intimidate various members of the East Haven community in the free exercise and enjoyment of the constitutional right to be free from unreasonable searches and seizures. Witnesses testified as to the conduct of co-defendant Dennis Spaulding and named co-conspirator Jason Zullo. They testified that Spaulding participated in the conspiracy by assaulting and then falsely arresting Moises Marin and preparing a false police report to justify the arrest in November 2008; by harassing and threatening Segundo Aguayza in January 2009 by entering his property and making racially discriminatory remarks and later that day threatening to arrest Aguayza when he requested Spaulding's name; by falsely arresting Jose Luis Alvarracin and John Espinoza in January 2009 and preparing a false or misleading report to justify the false arrest, and subsequently taunting them while they were being held overnight at the East Haven police station; by unreasonably searching a vehicle parked outside My Country Store in February 19, 2009 and handcuffing and detaining Fernando Chacon; by participating in the illegal search of the back room of My Country Store on February 19,

3

2009; by illegally searching Los Amigos grocery store in February 2009; and by following Father James Manship and a law student when they left a meeting at My Country Store in February 2010. As to Jason Zullo, they testified that Zullo participated in the conspiracy by assaulting Jose Luis Alvarracin in January 2009 while Alvarracin was in custody at the East Haven police station; by participating in the illegal search of the back room at My Country Store on February 19, 2009; and by intimidating and harassing the owners of My Country Store on March 4, 2009. This testimony was supported by additional evidence, including communications between Zullo and Spaulding.

The government established by a preponderance of the evidence that defendant Cari joined the conspiracy no later than February 19, 2009 when he threatened Wilfredo Matute with arrest and falsely arrested Father James Manship, an advocate for Latinos in the East Haven community, on false pretenses and prepared a false arrest report.

Therefore, the government proved by a preponderance of the evidence that there was a conspiracy involving declarant Dennis Spaulding and defendant Cari.

**During the Course of and in Furtherance of the Conspiracy**

The statement contained in GX190 was made on February 28, 2009 and the government proved by a preponderance of the evidence that conduct in furtherance of the conspiracy began in

2008 and continued through February 2010. Thus, it was made during the course of the conspiracy.

The statement must also be made in furtherance of the conspiracy. "To be in furtherance of the conspiracy, a statement must be more than 'a merely narrative' description by one co-conspirator of the acts of another." United States v. SKW Metals & Alloys, Inc., 195 F.3d 83, 88 (2d Cir. 1999) (citing United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1199 (2d Cir. 1989)) (internal quotation marks omitted). The statement must "prompt the listener . . . to respond in a way that promotes or facilitates the carrying out of a criminal activity." SKW Metals & Alloys, Inc., 195 F.3d at 88 (quoting United States v. Maldonado-Rivera, 922 F.2d 934, 958 (2d Cir. 1990)). Nevertheless, a statement does not need to be a command to be admissible. SKW Metals & Alloys, Inc., 195 F.3d at 88. Rather, the statement may be admissible if it "provide[s] reassurance, or seek[s] to induce a coconspirator's assistance, or serve[s] to foster trust and cohesiveness, or inform[s] each other as to the progress or status of the conspiracy." Id. (quoting Maldonado-Rivera, 922 F.2d at 959).

Spaulding's statement was made to encourage Wambolt and Zullo to act in a way that promoted and facilitated carrying out the criminal activity because it encouraged them to be proactive in creating situations that would provide an excuse for

5

violating the constitutional rights of members of the East Haven community.  Thus the court concludes that the statement in GX190 was made for the purpose of furthering the conspiracy.

Dated at Hartford, Connecticut on this 21st day of October, 2013.

/s/
Alvin W. Thompson
United States District Judge